## BRUNNER v. ROP–LOC PRODUCTS CO. et al.

### Civ. No. 26143.

United States District Court
N. D. Ohio, E. D.
April 28, 1949.

Vern L. Oldham, Cleveland, Ohio, for plaintiff.

Milton Alfred Roemisch, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

This is an action for alleged patent infringement.

From the affidavits and pleadings and briefs submitted by the parties it appears that the complaint was filed on January 12, 1949; that on January 26th plaintiff's counsel received a copy of a joint answer and cross petition by defendants and on the same day a copy was presented to the Clerk's office of this court for filing; that the copy presented to the Clerk did not contain a certification of service or mailing to plaintiff and was, for that reason, returned to the counsel for defendant by the Clerk; that on February 8th another joint answer and cross petition which contained the necessary certification was presented to the Clerk and was filed. Meanwhile, it appears that the plaintiff unaware that the first joint answer and cross petition had been rejected by the Clerk for filing, had, on February 7th, filed a reply to said cross petition; that the joint answer and cross petition filed on February 8th contained a further defense which had not been set forth in the first joint answer which had been sent to plaintiff but had not been filed.

Under this state of facts, the plaintiff has filed a motion to strike the additional defense on the grounds that it was not timely filed and that the joint answer and cross petition could not be amended as a matter of course under Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A., since a responsive pleading, i. e., plaintiff's reply, had already been served.

Defendants have filed a motion for leave to amend their first (unfiled) joint answer to read as the one which was filed on February 8th. Plaintiff opposes the motion on the ground that since a responsive pleading (the reply) has been filed, an amendment of the pleading to which the responsive pleading was made cannot be filed as a matter of right under Rule 15.

Plaintiff's reply was responsive to defendants' cross petition but was not responsive to the joint answer. It is the joint answer, not the cross petition, which defendants wish to amend. The fact that defendants saw fit to file a cross petition along with their answer should not operate to deprive defendants of an otherwise available right to amend their answer. Plaintiff will not be required to amend his reply to the cross petition because of a change in the joint answer. The plaintiff will in no way be prejudiced because of the proposed amendment.

In the interests of justice and in order to straighten out the pleadings, the defendants' motion for leave to amend their joint answer will be granted and plaintiff's motion to strike will be overruled.